(73 App. Div. 409.)

## GERMAN–AMERICAN PROVISION CO. v. GARRONE.

(Supreme Court, Appellate Division, First Department. June 13, 1902.)

**1. Costs—Action at Law—Presumption.**

On appeal from an order vacating a judgment for costs, where it appears that the action was for the recovery of money only, and was brought on for trial and tried at a term where actions of law are tried, it will be assumed that the action was at law.

**2. Administrators—Actions—Costs.**

Code Civ. Proc. § 3228, gives the plaintiff costs of course on final judgment in his favor in actions specified in section 2863, one of which (subdivision 5) is an action against an administrator, unless the amount of the claim is less than $50, and has been duly presented to the administrator, and rejected by him. Sections 1835, 1836, provide that, where judgment for money only is rendered against an administrator, costs shall not be awarded against him, except where the plaintiff's demand was presented within the time limited by a notice published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted, or that defendant did not file the consent required by section 1822; and where the action is brought in the supreme court the facts may be certified by the trial judge or referee. *Held,* that where an action was brought against an administrator for more than $50, and judgment obtained for less, and it did not appear that the claim had been duly presented, on appeal from an order vacating a judgment against plaintiff for costs, none of the facts specified in section 1836 appearing in the record, neither party was entitled to costs.

Appeal from special term, New York county.

Action by the German-American Provision Company against Rosa Montressor Garrone, as administratrix. From an order vacating a judgment against the plaintiff for costs, defendant appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William McArthur, for appellant.

Gates Hamburger, for respondent.

INGRAHAM, J. The action was brought against the defendant, as administratrix, the complaint alleging that the defendant's intestate and one Fantino were copartners; that the plaintiff sold and delivered certain goods, wares, and merchandise to the copartnership, and there remained a balance due to the plaintiff therefor of $108.65; that subsequently the defendant's intestate died, and the plaintiff obtained a judgment against the surviving partner for that amount, upon which execution was issued and returned unsatisfied, "wherefore the plaintiff demands judgment against the defendant for the sum of $108.65, besides the costs and disbursements of this action." The defendant answered, and the plaintiff noticed the case for trial before the trial term of the court, and upon such notice the action was brought on for trial at the trial term, and there tried without a jury, which trial resulted in an award in favor of the plaintiff and against the defendant for $6.42. No costs were granted

to either party by the court. Subsequently the defendant presented to the clerk a bill of costs, which was adjusted at $101.54, and judgment was thereupon entered awarding to the plaintiff the sum of $6.42, and to the defendant her costs as adjusted, giving to the defendant a judgment against the plaintiff for the difference. It is alleged in an affidavit submitted on behalf of the plaintiff that upon the trial the court decided that the action was in equity, but, as it contained the proper allegations essential to an equitable action, the motion to dismiss the complaint was denied; but this was contradicted by counsel for the defendant, he alleging that the court ruled that the action was one at law. The action having been brought to recover a sum of money only, and brought on for trial and tried at a trial term of the court where actions at law are tried, we must assume that the action was an action at law, was tried as such, and resulted in a judgment for the plaintiff for $6.42. The right of the parties in such an action to costs depends upon sections 3228 and 3229 of the Code of Civil Procedure. By section 3228 it is provided that the plaintiff is entitled to costs of course upon the rendering of a final judgment in his favor in actions specified in subdivisions 1, 4, and 5 of section 2863 of the Code. Subdivision 5 of section 2863 specifies an action brought against an executor or administrator as such, except where the amount of the claim is less than $50, and the claim has been duly presented to the executor or administrator, and rejected by him. By this section it would appear that the plaintiff was entitled to costs upon the rendering of a final judgment in his favor in an action brought against an executor or administrator as such, where the amount of the claim is $50, and where the claim has been duly presented to the executor or administrator, and rejected by him. The amount of this claim was more than $50, and, although the recovery was less, the section seems to speak of the amount of the claim, and not of the recovery; but it does not appear that this claim had ever been presented to the administratrix, and rejected by her. Section 3229 only applies to a case where the plaintiff is not awarded costs by section 3228. If, therefore, the right to costs depended upon the provision of these sections of the Code, it would appear that the plaintiff, and not the defendant, was entitled to costs. By section 1835 of the Code of Civil Procedure, however, it is provided that, where a judgment for a sum of money only is rendered against an executor or administrator in an action brought against him in his representative capacity, costs shall not be awarded against him except as prescribed in the next section. The next section (1836) provides that:

"Where it appears, in a case specified in the last section, that the plaintiff's demand was presented within the time limited by a notice published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted or neglected, or that the defendant did not file the consent provided by section eighteen hundred and twenty-two within six months from the rejection thereof, the court may award costs against the executor or administrator, to be collected, either out of his individual property, or out of the property of the decedent, as

the court directs, having reference to the facts which appear upon the trial. Where the action is brought in the supreme court, the facts may be certified by the judge or referee before whom the trial took place."

As none of the facts specified in section 1836 appear in this record, and as there was no award of costs against the defendant by the justice who tried the case, it would seem to follow from this provision of the Code that the plaintiff was not entitled to costs against the defendant, and neither party was entitled to costs.

As the order appealed from vacates the taxation and the judgment awarding the defendant the costs as taxed, and as no award of costs was made to the plaintiff, the order appealed from was right, and should, therefore, be affirmed, with $10 costs and disbursements. All concur; PATTERSON, J., in result.